UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

REBECCA GRANDE,            )
          Plaintiff,       )
                        )
    vs.                 )      1:08-cv-0183-RLY-DML
                        )
MARION COUNTY SHERIFF and THE  )
CITY OF INDIANAPOLIS,     )
          Defendants.     )

## ENTRY DENYING DEFENDANTS' MOTIONS
## FOR JUDGMENT AS A MATTER OF LAW

On September 18, 2009, a jury returned a verdict in favor of Plaintiff, Rebecca

Grande ("Plaintiff" or "Grande"), and against Defendant, Marion County Sheriff (the

"Sheriff") on Plaintiff's negligence claim.  The jury awarded Plaintiff damages of

$120,000.00.  Plaintiff's claim against the City of Indianapolis ("the City") was

unsuccessful as the jury returned a verdict in favor of the City.

Prior to presenting their defense and again following the close of evidence, the

Sheriff and the City (collectively "Defendants") orally moved for judgment as a matter of

law.  The court took those motions under advisement   In addition to the oral motions,

Defendants also filed a written motion,  which the Sheriff recently renewed.  The court

now DENIES all of those motions, as explicated below.

The Sheriff asserts three bases for the motions.  First, according to the Sheriff, his

department is required by statute to fingerprint arrestees and therefore it is entitled to

immunity because it was only enforcing the law when Grande was injured during the

fingerprinting process.  The first problem with this argument is that the statute relied upon

by the Sheriff, Indiana Code § 36-2-13-5(a)(8), gives the Sheriff discretion to collect

fingerprints or other identification information as he sees fit.  Although fingerprints are

typically gathered, there is no mandate that fingerprints, as opposed to other identification

information, be gathered from each person arrested.  Indeed, the undisputed evidence at

trial was that there were occasions when those in charge of fingerprinting would

determine that it would not be reasonable to fingerprint or take a complete set of

fingerprints from a person because the arrested individual was injured or otherwise

partially incapacitated.  The Sheriff's contention that Officer Richard Manship

("Manship") was "enforcing the law" when he manipulated Plaintiff's arm and hand in

order to fingerprint her just does not fit this situation.  Manship admitted at trial that he

did not obtain fingerprints from all injured detainees.

It is not hard to understand why such exceptions were made.  As noted by Plaintiff,

the Sheriff also has a statutory duty "to take care of the county jail and prisoners there."

Ind Code. § 36-2-13-5(a)(7).  There is no discretionary language in that section of the

statute and Indiana courts have ruled that the Sheriff has a duty to exercise reasonable

care to preserve the health and safety of those prisoners (or detainees) under his charge.

*Trout v. Buie*, 653 N.E.2d 1002, 1008 (Ind. App. 1995); *Johnson v. Bender*, 369 N.E.2d

936, 939 (Ind. App. 1977).  Just as law enforcement agencies and their officers are not immune from liability for injuries caused from the negligent operation of their vehicles while giving chase to a fleeing suspect, they can receive no immunity when they elect to take particular actions with detainees who may be injured if those actions are not taken with reasonable care.  *See Patrick v. Miresso,* 848 N.E.2d 1083 (Ind. 2006).  Accordingly, the Sheriff's immunity argument fails.

The Sheriff's second assertion is that judgment as a matter of law is warranted because Plaintiff failed to prove proximate cause.  More specifically, it is the Sheriff's contention that there is no evidence that Plaintiff's arm fracture would have occurred but for the actions of Manship or that the injury she suffered was forseeable to Manship.  However, the fracture of Plaintiff's arm was not the only injury she suffered.  She suffered nerve damage as well, and at least one doctor opined that such nerve damage likely occurred as a result of manipulation of the arm subsequent to the fracture.  Further, the circumstantial evidence at trial was sufficient for the jury to conclude that an officer in Manship's role should have reasonably concluded that manipulating Plaintiff's arm so as to allow him to fingerprint her was likely to cause further injury.  Accordingly, judgment as a matter of law is not sustainable based on the Sheriff's second argument.

Finally, the Sheriff maintains that the evidence was clear that Plaintiff contributed to her own injury.  He contends that she negligently caused the accident which resulted in her broken arm and then did not follow the medical directive she received while at

3

Wishard Hospital, that she keep her arm against her chest and move it as little as possible.

However, again, the broken arm is not the only injury in question.  Plaintiff suffered

nerve damage, and while she testified that it was difficult for her to keep her arm stable

and against her chest while at the Arrestee Processing Center, the jury had a sufficient

evidentiary basis to conclude that it was more likely than not that Plaintiff's additional

injuries occurred as a result of her processing at the center and not because of her own

intentional actions.

**Conclusion**

Defendants' Motion for Judgment as a Matter of Law (Docket # 138) and the

Sheriff's Renewed Motion for Judgment as a Matter of Law (Docket # 150), as well as all

similar oral motions made at trial are **DENIED** for the reasons set forth in this entry.

**SO ORDERED** this 11th day of January 2010.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

James F. Bleeke
SWEETIN & BLEEKE PC
jim@sweetinbleeke.com

David Robert Brimm
WAPLES & HANGER
dbrimm@wapleshanger.com

Carol A. Dillon
SWEETIN & BLEEKE, P.C.
carol@sweetinbleeke.com

Jaunae M. Hanger
WAPLES & HANGER
hangerj@iquest.net

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jmayes@indygov.org

Richard A. Waples
WAPLES & HANGER
richwaples@aol.com

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL, CITY OF INDIANAPOLIS
awill@indygov.org